# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JEFFREY O'MEARA, as next friend of THOMAS J. O'MEARA, INDIVIDUALLY and as GRANTOR, TRUSTEE AND BENEFICIARY OF THE THOMAS J. AND GAIL A. O'MEARA REVOCABLE TRUST DATED JANUARY 25, 2002, <br><br>        Plaintiff, <br><br> v. <br><br> FIDELITY INVESTMENTS, AMERICAN EXPRESS NATIONAL BANK and SUNTRUST BANK, <br><br>        Defendants. | Case No. 2:20-cv-02838-JPM-cgc |

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL ARBITRATION AS TO DEFENDANT SUNTRUST BANK

Before the Court is Plaintiff's Motion to Compel Arbitration as to Defendant SunTrust Bank or, in the Alternative, to Extend Deadline to Respond to Defendant SunTrust Bank's Motion to Dismiss, filed on January 11, 2021. (ECF No. 24.) Plaintiff moves the Court for an Order compelling arbitration as to Defendant SunTrust and staying this action pending arbitration. (Id. at PageID 228.) Plaintiff asserts that it has not waived its right to arbitration because Plaintiff's actions in the litigation to date are not inconsistent with reliance on an arbitration agreement and because Plaintiff's actions have not prejudiced Defendant SunTrust Bank (hereinafter "Truist"[1]). (Id. ¶¶ 28–33.)

---

[1] Truist Bank is the successor organization of Defendant SunTrust Bank. (Cf. ECF No. 28 at PageID 303 ("Defendant Truist Bank f/k/a SunTrust Bank").)

Truist filed its Response on January 19, 2021. (ECF No. 28.) Truist argues that because it is the Plaintiff and not the Defendant moving to compel arbitration, many of the cases regarding waiver of arbitration are inapplicable or distinguishable, and that Plaintiff waived his contractual right to compel Truist to resolve this matter in arbitration by initiating suit in state court, failing to mention arbitration in his Complaint and allowing the case to proceed to the discovery stage. (See generally id.)

Plaintiff filed a Reply on January 22, 2021. (ECF No. 29.) Plaintiff argues that the delay and costs incurred by Truist were incurred by Truist's strategic decisions to pursue the litigation and not by Plaintiff choice to initiate the lawsuit. (Id. at PageID 318.) Plaintiff asserts that his "actions in this matter do not present the level of case progression and development to warrant a finding of waiver." (Id. at PageID 322.)

For the reasons set forth below, Plaintiff's Motion to Compel Arbitration is **GRANTED**.

**I.     BACKGROUND**

On October 16, 2020, Plaintiff commenced this suit in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis, Shelby County, asserting claims for Breach of Contract, Breach of Implied Duty of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Constructive Trust and Negligence against Truist and Defendants Fidelity Investments ("Fidelity") and American Express National Bank ("AmEx"). (Compl., ECF No. 1-1 at PageID 13–59.) On November 18, 2020, Truist removed the case to this Court. (ECF No. 1.)

Defendants Fidelity and AmEx filed Motions to Compel Arbitration on November 19 and December 9, 2020. (ECF Nos. 6 & 18.) On December 8, 2020, the Parties filed a Joint

Motion to Stay Scheduling Conference and Other Rule 26 Duties, in which it was alleged that Truist intended to either move to compel arbitration or to file a motion to dismiss and that Plaintiff had asked all Defendants to disclose the arbitration agreements contained within their respective agreements.  (ECF No. 17 ¶¶ 7–8.)  In response to the Joint Motion, this Court entered an Order Resetting Telephonic Scheduling Conference and Requiring Disclosure of Arbitration Agreements on December 10, 2020.  (ECF No. 20.)

On December 14, 2020, Truist filed a Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 22.)  On January 11, 2021, Plaintiff filed the instant Motion to Compel Arbitration as to Truist.  (ECF No. 24.)  Plaintiff attached as Exhibit A Truist's 2019 Rules and Regulations for Deposit Accounts, which contains the relevant Arbitration Agreement.  (Id. at PageID 267–71.)

A Telephonic Scheduling Conference was held on January 13, 2021.  (ECF No. 25.)  At the Conference, the Court heard arguments from Plaintiff and Truist regarding Plaintiff's Motion to Compel Arbitration.  On January 14, 2021, the Court entered a Scheduling Order, Order Granting Defendants Fidelity and AmEx's Motions to Compel Arbitration, and Order Denying the Joint Motion to Stay.  (ECF No. 27.)  The Scheduling Order set a January 27, 2021 deadline for Rule 26(a)(1) initial disclosures, a March 2, 2021 deadline for motions to join parties or amend pleadings, and an April 2, 2021 deadline for motions to dismiss.  (Id. at PageID 301.)  A follow-up Telephonic Status/Scheduling Conference is set for February 11, 2021.  (Id. at PageID 300.)

Truist filed its Response to Plaintiff's Motion to Compel Arbitration on January 19, 2021.  (ECF No. 28.)  Plaintiff filed his Reply on January 22, 2021.  (ECF No. 29.)

3

## II. LEGAL STANDARD

"[A] party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" Hurley v. Deutsche Bank Trust Co. Ams., 610 F.3d 334, 338 (6th Cir. 2010) (quoting O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 356 (6th Cir. 2003)). "Although it has long been settled that a party can waive its contractual right to arbitration… 'because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred.'" Johnson Assocs. Corp. v. HL Operating Corp., 580 F.3d 713, 717 (6th Cir. 2012) (citation omitted) (quoting Glazer v. Lehman Bros., Inc., 394 F.3d 444, 450 (6th Cir. 2005)).

## III. ANALYSIS

Truist does not object to Plaintiff's Motion to Compel Arbitration on grounds that the Arbitration Agreement is invalid or unenforceable or that Plaintiff's claims are not within the scope of the Arbitration Agreement. Therefore, the only issue before the Court is whether Plaintiff waived its right to compel Truist to resolve this matter in arbitration.

*A.   Plaintiff's Actions Are Not Inconsistent With Reliance on the Arbitration Agreement*

Truist's primary argument is that Plaintiff's commencement of litigation and failure to mention arbitration in the Complaint are sufficient actions for the Court to find that Plaintiff's actions are inconsistent with any reliance on the Arbitration Agreement. (ECF No. 28 at PageID 307–10.)  In support of its argument, Truist cites to two general categories of cases where courts found that arbitration had been waived: cases where the plaintiff moved to compel arbitration and cases where the defendant moved to compel arbitration after failing to

4

raise arbitration as an affirmative defense.² (Id.) The Court will address each category of cases in turn.

First, Truist cites Commodity Resources, Inc. v. Certain Underwriters at Lloyds, London, No. 2:12-cv-10173, 2013 WL 3716385 (E.D. Mich. July 12, 2013) and Sabatelli v. Baylor Scott & White Health, 832 F. App'x 843 (5th Cir. 2020) (per curiam) as authority for its contention that commencing litigation is itself inconsistent with reliance on an arbitration agreement. (Id. at PageID 307–08.) But the district court's decision in Commodity Resources relied on state law (see id., 2013 WL 3716385, at *2 (collecting cases)) and the facts in Sabatelli are distinguishable because the case was in litigation for 16 months prior to the plaintiff's filing a motion to compel arbitration (see id., 832 F. App'x at 849). Litigation in both cases had also proceeded to the point that the defendant had filed a motion for summary judgment. Commodity Resources, 2013 WL 3716385, at *1; Sabatelli, 832 F. App'x at 845. By contrast, this case had been in litigation for less than three months at the time Plaintiff filed the instant Motion to Compel Arbitration and the case had not even reached the point of discovery.³

Second, Truist cites several cases where the court found that a party's failure to raise arbitration as an affirmative defense in a responsive pleading demonstrated an intent to litigate rather than to arbitrate. (ECF No. 28 at PageID 308.) See Johnson Assocs., 680 F.3d at 719;

---

² Defendant also relies on Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd., No. 13-14241, 2014 WL 2763648, at *1 (E.D. Mich. June 18, 2014) in support of its argument that Plaintiff created its own problems by initiating the lawsuit instead of pursuing arbitration. (ECF No. 28 at PageID 308–09.) But Energy Conversion is a transfer of venue case, not an arbitration case, and the standards for transfer of venue are not the same as the standards for waiver of arbitration. Compare Energy Conversion, 2014 WL 2763648, at *1 (discussing the 28 U.S.C. § 1404 transfer of venue standard, which allows transfer when doing so serves "the convenience of parties and witnesses" and is "in the interest of justice") with Johnson Assocs., 680 F.3d at 717 (discussing the strong presumption in favor of arbitration and the waiver standard, which requires actions inconsistent with reliance on the agreement and prejudice to the opposing party).

³ At the time of the entry of this Order, Plaintiff and Truist have exchanged initial discovery pursuant to Fed. R. Civ. P. 26(a)(1) (see ECF Nos. 30 & 31), but at the time Plaintiff moved to compel arbitration, the Parties' Joint Motion to Stay Rule 26 Duties (ECF No. 17) was still pending before this Court.

Blankenship v. Superior Controls, Inc., No. 13-12386, 2014 WL 4857083, at *5 (E.D. Mich. Apr. 25, 2014); S. Sys., Inc. v. Torrid Oven Ltd., 105 F. Supp. 2d 848, 854 (W.D. Tenn. 2000). In response, Plaintiff argues that the requirements for the content of an answer are materially different than the requirements for the content of a complaint. (ECF No. 29 at PageID 320–21.)

Plaintiff's argument is persuasive. Fed. R. Civ. P. 8(a) only requires a complaint to include a short and plain statement of both the grounds for the court's jurisdiction and the claim showing the plaintiff is entitled to relief and a demand for the relief sought. An answer, though, is "the main opportunity for a defendant to give notice of potentially dispositive issues to the plaintiff; and the intent to invoke an arbitration provision is just such an issue." Johnson Assocs., 680 F.3d at 718 (finding that a defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate "[r]egardless of whether a defendant is required to raise arbitration as a defense under [Fed. R. Civ. P.] 8(c)"). The failure to include certain allegations in a responsive pleading routinely results in waiver of those allegations; the same is not true of most initial claims for relief.

Defendant also argues that Plaintiff was "test[ing] the judicial waters" by purposely delaying seeking arbitration with Truist until it became clear that arbitration would be required with the other two Defendants. (ECF No. 28 at PageID 309–10.) But there is a material difference between waiting to concede the validity of an arbitration agreement until a party has had a chance to review the agreement and consider the arguments in favor of or in opposition to its applicability and validity, as Plaintiff has done here, and waiting to see how a court will rule on key issues. In this case, prior to the entry of this Order, this Court has only ruled on unopposed motions regarding scheduling and deadlines. (See ECF Nos. 11, 16, 20 &

6

27.) By contrast, the cases cited by Truist in support of its argument that Plaintiff has been testing the waters involve the resolution of substantive issues prior to a party moving to compel arbitration. See AFS Logistics, LLC v. Cochran, No. 3:16-cv-3139, 2017 WL 4947512, at *6 (M.D. Tenn. Oct. 31, 2017) (denying a motion to compel arbitration that was filed after (1) the plaintiff twice responded substantively to the defendant's motion to dismiss and was granted leave to amend its complaint and (2) extensive discovery was completed and the court had resolved several discovery disputes); Johnson Assocs., 680 F.3d at 717 (discussing the defendant's reliance on a "no waiver" clause as a way "test[] the water" where defendant moved to compel arbitration only after it became clear that settlement efforts would be unsuccessful).

To prevail on its arguments, Truist must show that Plaintiff's actions in this case have been *completely* inconsistent with *any* reliance on the Arbitration Agreement. At the time Plaintiff filed the instant Motion, Plaintiff had (1) filed the lawsuit; (2) moved for an extension of time to respond to Defendant Fidelity's Motion to Compel Arbitration; and (3) jointly moved to stay the Scheduling Conference, asserting in the process that Plaintiff had asked Defendants to disclose the arbitration agreements so he could determine whether valid grounds existed to oppose arbitration. (See ECF Nos. 1-1, 15 & 17.) Unlike the cases cited by Truist, where the parties seeking arbitration failed to mention arbitration throughout months of active litigation,[4] Plaintiff mentioned arbitration and his intent to investigate the

---

[4] See Johnson Assocs., 680 F.3d at 718 (finding waiver of arbitration after 8 months of litigation in which the moving party actively scheduled discovery, including depositions); S. Sys., Inc., 105 F. Supp. 2d at 854 (finding waiver of arbitration after 18 months of litigation in which the moving party engaged in discovery, including 10 depositions); AFS Logistics, 2017 WL 4947512, at *4 (finding waiver of arbitration after 8 months of litigation in which the plaintiff failed to raise arbitration even in its *amended* initial pleadings, engaged in attempts to settle and opposed the defendant's motion to dismiss on the merits); Blankenship, 2014 WL 4857083, at *6 (finding waiver of arbitration after 6 months of litigation *after* the filing of a countercomplaint); St. Clair Marine Salvage, Inc. v. S/Y "WITHCH OF ENDOR" MC No. 6137 TZ, No. 14-11942, 2014 WL 4386725, *4 (E.D. Mich. Sept.

validity and enforceability of any arbitration agreements in every filing in this case apart from the Complaint itself. (See ECF Nos. 15, 17, 24, 29.) The Court finds that Truist has failed to establish that Plaintiff's actions are completely inconsistent with any reliance on the Arbitration Agreement.

B.   *Truist is Not Prejudiced by Plaintiff's Delay in Moving to Compel Arbitration*

Even if Truist could show that Plaintiff's actions are completely inconsistent with any reliance on the Arbitration Agreement, Truist fails to establish that it has been prejudiced by Plaintiff's delay in moving to compel arbitration. Truist first argues that prejudice is not a requirement when the party moving to compel arbitration is the plaintiff. However, the Seventh Circuit's rule that "an election to proceed before a nonarbitral tribunal for the resolution of a contractual dispute is a presumptive waiver of the right to arbitrate" is the minority position; other Circuits have declined to follow the Seventh Circuit's bright-line rule. Compare Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc., 50 F.3d 388, 390 (7th Cir. 1995) with BOSC, Inc. v. Bd. of Cnty. Comm'rs of Cnty. of Bernalillo, 853 F.3d 1165, 1173 (10th Cir. 2017) ("We decline to adopt a bright-line rule of waiver just because a party has filed a lawsuit[.]") and Nicholas v. KBR, Inc., 565 F.3d 905, 908 (5th Cir. 2009) ("We have not, however, gone as far as the Seventh Circuit on [the issue of whether the decision to file suit indicates a 'disinclination' to arbitrate], and we do not do so here, as we continue to require a showing of prejudice, even if there is a substantial invocation of the process.").

Nothing before this Court suggests that the Sixth Circuit would adopt the Seventh Circuit's bright-line rule and not require a showing of prejudice simply because a plaintiff decided to proceed before a nonarbitral tribunal. And even if the Sixth Circuit would not

---

5, 2014) (finding waiver of arbitration after 2 months of litigation including the filing of an amended complaint and after the parties engaged in 13 months of negotiations prior to the plaintiff's initiation of the lawsuit).

*require* a showing of prejudice where it is the plaintiff moving to compel arbitration, it likely would at least consider prejudice as a factor. See S. Sys., Inc., 105 F. Supp. 2d at 852–53 (discussing the various tests to determine waiver of arbitration rights across jurisdictions and holding that the Sixth Circuit "will treat prejudice as a significant factor but not a dispositive one").[5] This Court will therefore address the issue of whether Plaintiff's delay in moving to compel arbitration caused Truist to incur actual prejudice.

Truist asserts that it has "undergone considerable time and expense in litigating the case to date." (ECF No. 28 at PageID 310.) Defendant specifically states that its expenses incurred in litigating this case include "removal, filing multiple motions, including a motion to dismiss, submission of a proposed scheduling order and joint discovery plan, participation in a scheduling conference, and now preparation of initial disclosures and obtaining agreement to a mediator." (Id. at PageID 313.) Plaintiff argues that compelling arbitration "results in no prejudice of any kind to [Truist]," citing J. Cumby Constr., Inc. v. Mastin's, Inc., 458 F. Supp. 3d 850, 855 (M.D. Tenn. 2020). Truist acknowledges that J. Cumby Constr. provides that "'pretrial expense and delay… without more, do not constitute prejudice sufficient to support a finding of waiver,'" but argues that the proposition is inapplicable where the defendant is the party incurring expense. (ECF No. 28 at PageID 311–12 (citing J. Cumby Constr., 458 F. Supp. 3d at 857).)

Truist relies primarily on a Northern District of California case in support of its argument. (See id. (citing Hebei Hengbo New Materials Tech. Co., Ltd. v. Apple, Inc., 344 F. Supp. 3d 1111, 1124–25 (N.D. Cal. 2018)).) The court in Hebei Hengbo found that all of the defense expenses were attributable to the plaintiff because "none of the defense expenses can

---

[5] S. Sys, Inc. was decided in 2000; the Sixth Circuit appears to have begun requiring a showing of actual prejudice in Gen. Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat, 289 F.3d 434, 438 (6th Cir. 2002).

9

fairly be said to be 'self-inflicted' wounds when the plaintiff was the one to file the lawsuit and is also the one that later decides to move to compel arbitration." Id. at 1124–25.

Truist asserts that the court in Hebei Hengbo considered the defendant's litigation expenses to be sufficient prejudice to support a finding of waiver on the part of the plaintiff. (ECF No. 28 at PageID 312.) But in Hebei Hengbo, the court also found prejudice to the defendant on the basis that the plaintiff was essentially forum-shopping for an alternative forum after determining that the district court was likely not to rule in its favor. Hebei Hengbo, 344 F. Supp. 3d 1126–27. And although both Hebei Hengbo and the instant case involve a motion to compel arbitration filed while a motion to dismiss was pending, there were specific facts in Hebei Hengbo that caused the court to find that the plaintiff anticipated an unfavorable ruling prior to moving to compel arbitration and that are not present in the instant case. In particular, the plaintiff in Hebei Hengbo withdrew its primary claim in response to the defendant's arguments in its motion to dismiss, and only then sought arbitration after the motion to dismiss had been pending 43 days. Id. Here, Plaintiff moved to compel arbitration without taking any substantive steps in response to the pending Motion to Dismiss.

Truist has cited no cases where a defendant's litigation expenses have been sufficient to demonstrate prejudice after only three or four months of litigation, during which time the court made no substantive rulings. (See ECF No. 28 at PageID 312.) See Commodity Resources, 2013 WL 3716385, at *3 (denying plaintiff's motion to compel arbitration where the defendant's litigation expenses included litigating the case to summary judgment, which the court granted in the defendant's favor); Uwayadah v. Van Wert Cnty. Hosp., 246 F. Supp. 2d 808, 812–13 (N.D. Ohio 2002) (denying plaintiff's motion to compel arbitration where the

10

defendant's litigation expenses spanned eighteen months and included "extensive, protracted, and expensive discovery proceedings" in which the court ruled on a motion to compel, oversaw discovery conferences, and reviewed documents in camera); OM Grp., Inc. v. Mooney, No. 2:05CV546FTM33SPC, 2006 WL 68791, at *8 (M.D. Fla. Jan. 11, 2006) (denying plaintiff's motion to compel arbitration where the litigation, though spanning under two months, had "been intense," including temporary restraining order and preliminary injunction proceedings).

Truist has not demonstrated that the litigation expenses incurred in this case to date are so high as to warrant finding prejudice solely on the basis of pretrial expense and delay. And Plaintiff's argument that "[t]he fees [incurred by Truist] were for routine pretrial activities and [] would have been incurred conducting the same activities in arbitration" is well taken. (See ECF No. 29 at PageID 318–19.) Nowhere does Truist argue that its litigation expenses incurred to-date would not have been incurred had Plaintiff proceeded to arbitration before litigation.[6] And because the Court has not ruled on any substantive issues in this case, there is nothing for the Parties to re-litigate in arbitration. The Court finds that Truist has failed to establish that it has been prejudiced by Plaintiff's delay in moving to compel arbitration.

In summary, even if prejudice is only a factor in the analysis and not dispositive of the issue of waiver, the lack of prejudice in this case weighs in favor of granting the Motion to Compel Arbitration. Because (1) Plaintiff's actions in this case are not completely inconsistent with any reliance on the Arbitration Agreement, (2) Truist has failed to demonstrate that it has been or would be prejudiced by Plaintiff's delay in moving to compel

---

[6] Truist alleges that "[h]ad Plaintiff initially raised arbitration rather than filing this lawsuit, and then equivocating as to arbitration, Truist could have avoided these expenses" (ECF No. 28 at PageID 313), but does not allege that it would not have filed a motion to dismiss in arbitration proceedings or that the Rule 26(a)(1) discovery required the gathering of information and production of documents that would not be required in arbitration proceedings.

arbitration, and (3) there is a strong presumption in favor of arbitration, the Court finds that Plaintiff has not waived his right to arbitration.

## IV. CONCLUSION

For each of the reasons set forth above, Plaintiff's Motion to Compel Arbitration is **GRANTED**. The Parties are **ORDERED** to arbitrate their dispute in accordance with their agreement to arbitrate and this case is **STAYED** pending completion of the arbitration proceedings. Truist's pending Motion to Dismiss (ECF No. 22) is terminated with permission to refile once the stay is lifted.

**SO ORDERED**, this 10th day of February, 2021.

                                                   /s/ Jon P. McCalla
                                                 JON P. McCALLA
                                                 UNITED STATES DISTRICT JUDGE